Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorney for Plaintiff*
*David Schroeder*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCHROEDER, | CASE NO. '16CV2987 BEN WVG |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: |
| vs. | THE FAIR CREDIT REPORTING ACT |
| | THE CONSUMER CREDIT REPORTING AGENCIES ACT |
| EQUIFAX INFORMATION SERVICES, LLC, CAPITAL ONE, N.A. & KOHL'S DEPARTMENT STORES, INC., | THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| Defendants. | JURY TRIAL DEMANDED |

1

Complaint for Damages

## INTRODUCTION

1. David Schroeder ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions Equifax Information Services, LLC, Capital One, N.A., and Kohl's Department Stores, Inc. (collectively "Defendants") for violations of federal and state credit reporting and debt collection laws. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

2. This action arises out of violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA"), the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.1 *et seq* ("CCRAA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq* ("RFDCPA"). While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3. The violations committed by Defendants were knowing, willful and intentional. Defendants did not maintain procedures reasonably adapted to avoid any such violations.

4. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## JURISDICTION AND VENUE

5. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

6. Supplemental jurisdiction exists for violations of the CCRAA and RFDCPA pursuant to 28 U.S.C. § 1367(a).

Complaint for Damages

7. Venue is proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject them to personal jurisdiction.

8. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendants transact business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendants occurred within this judicial district.

## PARTIES & DEFINITIONS

9. Plaintiff is, and at all times mentioned herein a natural person, individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and Cal. Civ. Code § 1785.3(b) of the CCRAA. Plaintiff is also a "person" under Cal. Civ. Code § 1788.2(g) and a "debtor" under Cal. Civ. Code § 1788.2(h) of the RFDCPA.

10. Plaintiff is informed and believes, and thereon alleges, that Equifax Information Services, LLC ("Equifax") is, and at all times mentioned herein was, a limited liability company registered in Georgia with its principal place of business located in Georgia. Plaintiff alleges that at all times relevant herein Equifax conducted business in the State of California, in the County of San Diego, within this judicial district.

11. Plaintiff is informed and believes, and thereon alleges, that Capital One, N.A. ("Capital One") is, and at all times mentioned herein was, a national bank with its principal place of business located in Virginia. Plaintiff alleges that at all times relevant herein Capital One conducted business in the State of California, in the County of San Diego, within this judicial district.

Complaint for Damages

12. Plaintiff is informed and believes, and thereon alleges, that Kohl's Department Stores, Inc. ("Kohl's") is, and at all times mentioned herein was, a corporation registered in Delaware with its principal place of business located in Wisconsin. Plaintiff alleges that at all times relevant herein Kohl's conducted business in the State of California, in the County of San Diego, within this judicial district.

13. Because Plaintiff is natural person allegedly obligated to pay money arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of Cal. Civ. Code § 1788.2(f) of the RFDCPA.

14. The causes of action herein pertain to Plaintiff's "consumer credit reports", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and Cal. Civ. Code § 1785.3(c) of the CCRAA, in that inaccurate misrepresentations of Plaintiff's information were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

15. Defendants are each a partnership, corporation, association, or other entity, and are therefore each is a "person" as defined by Calif. Civ. Code § 1785.3(j) of the CCRAA.

**FACTUAL ALLEGATIONS AND ARGUMENTS**

**CAPITAL ONE AND KOHL'S REPORT PLAINTIFF AS DECEASED
A DISPUTE WAS FILED AND EQUIFAX DID NOT CORRECT**

16. From 2006 to 2015, Plaintiff incurred a consumer debt to Capital One and Kohl's for items purchased with Plaintiff's Kohl's Capital One credit card. The debt was incurred primarily for personal, family, and household purposes.

///

17. On April 25, 2016, Equifax mailed Plaintiff his credit report in which Capital One and Kohl's furnished information to Equifax that Plaintiff was "Deceased".

18. On July 13, 2016, Plaintiff filed a formal Dispute with Equifax regarding the representation on Plaintiff's credit report that Plaintiff was "Deceased".

19. Equifax completed the investigation of that Dispute without any significant updating. On July 19, 2016, Equifax sent Plaintiff the results of the investigation request and any revisions to Plaintiff's credit file. In this investigation, Equifax verified that Plaintiff was "Deceased" in line with the information furnished by Capital One and Kohl's.

20. This entry is completely inaccurate. Equifax was advised of this inaccuracy and did nothing to correct it. Plaintiff is in fact alive and well.

21. Defendants did not confirm Plaintiff's death through public records prior to furnishing and reporting information on his "death". Birth and death records are readily available to the public on the San Diego County Recorder website.

22. Defendants failed to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his written disputes, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting or ensure maximum possible accuracy.

23. Equifax Information Services deals in information. All it had to do was check the website after the dispute to confirm that Plaintiff is alive.

24. For comparison, Capital One and Kohl's also furnished information that Plaintiff was deceased to TransUnion Corporation ("TransUnion") which was reflected in his TransUnion credit report. Plaintiff filed a formal Dispute with TransUnion and TransUnion corrected the inaccuracy and deleted the erroneous information.

///

///

25. The false negative furnishing and reporting of information caused actual damage to Plaintiff and his credit which in this day and age is practically priceless. Plaintiff recently applied for credit cards and was denied based on Equifax's inaccurate credit report listing Plaintiff as "Deceased". Target denied Plaintiff's application for a credit card "because the Social Security number listed on the application appears to belong to a deceased individual". Target used information from Equifax in order to arrive at this conclusion. Capital One also denied Plaintiff's application for a credit card saying "Based on [his] credit report from Equifax, applicant is reported as deceased".

26. Plaintiff has spent a large amount of time and effort in attempt to ameliorate the effects of the inaccurately reported death on Plaintiff's Equifax credit report.

27. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Capital One and Kohl's, pursuant 15 U.S.C. § 1681s-2(a)(1)(A) of the FCRA:

> (A) A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

28. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Capital One and Kohl's, pursuant 15 U.S.C. § 1681s-2(a)(2)(A)&(B) of the FCRA:

A person who

> (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
> (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information

provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

29. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Capital One and Kohl's, pursuant 15 U.S.C. § 1681s-2(b)(1) of the FCRA:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>> (i) modify that item of information;
>> (ii) delete that item of information; or
>> (iii) permanently block the reporting of that item of information.

30. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Capital One and Kohl's, pursuant to 15 U.S.C. §§ 1692e as required by Cal. Civ. Code § 1788.17:

Complaint for Damages

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### EQUIFAX FAILED TO CORRECT PLAINTIFF'S CREDIT REPORT FOLLOWING THE DISPUTE

31. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Equifax, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the FCRA:

    > (a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

    > (a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

    > (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

32. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Equifax, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

    > (a) Identity and purposes of credit users. Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC §

8

Complaint for Damages

*1681c]* and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].

(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

### ALL DEFENDANTS INCORRECTLY REPORT THAT PLAINTIFF IS DECEASED FOLLOWING THE DISPUTE

33. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendants, pursuant to Cal. Civ. Code § 1785.16 of the CCRAA:

(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by

9

Complaint for Damages

the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

(b) In conducting that reinvestigation the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file.

34. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendants, pursuant to Cal. Civ. Code § 1785.25(a):

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

35. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendants, pursuant to Cal. Civ. Code §

10

Complaint for Damages

1785.25(b):

> A furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

36. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendants, pursuant to Cal. Civ. Code § 1785.25(c):

> So long as the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

### EQUIFAX FAILED TO DISCLOSE THE TRUE SOURCE OF THE PUBLIC RECORDS INFORMATION IT GATHERED AND REPORTED ABOUT PLAINTIFF

37. Equifax is a FCRA-governed "consumer reporting agency" that selectively decides which information to provide to consumers that request the FCRA-governed information in the Equifax's possession and which information it will hide from consumers. It withholds certain information in order to minimize their compliance costs and to avoid customer service inquiries directed at them and their business partners. These business partners include LexisNexis, a third party that sells public record information to Equifax and then, in turn, processes disputes regarding that public record information via the "ACDV" system.

38. Equifax systemically misrepresents to consumers the source of the public record information that it places on their consumer reports, in violation of 15 U.S.C. § 168lg(a)(2). Equifax thus deprives consumers of valuable congressionally-mandated information and makes it more difficult for consumers, such as Plaintiff, to correct errors relating to these public records that are caused by

11

1  Equifax and/or its private vendor sources that Equifax often misidentifies as its
2  "source".
3  39. Equifax never identified LexisNexis as the source of the bankruptcy public
4      record information that made its way into Plaintiff's credit file that it sells, or
5      any of the other less publicized marketing or risk assessment databases that
6      Equifax maintains. Equifax identifies the source of the information as the
7      bankruptcy court which is incorrect. Equifax has not obtained information
8      directly from courts for over 20 (twenty) years.
9  40. The FCRA unambiguously requires credit-reporting agencies, such as Equifax,
10     to "clearly and accurately disclose to the consumer" who requests his or
11     her credit file "the sources" that supplied any "information" to the credit-
12     reporting agency about that consumer pursuant to 15 U.S.C. § 1681g(a)(2).

**CAUSE OF ACTION**
**FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ.**
**(AS TO ALL DEFENDANTS)**

41. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.
42. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.
43. Equifax, as a credit reporting agency, is required to comply with 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A), 1681e(a)&(b), and 1681g(a)(2) of the FCRA.
44. Equifax violated 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A) of the FCRA after Plaintiff lodged a written dispute with it in July 2016 by failing to conduct reasonable a investigation into the accuracy of the information being disputed by Plaintiff, failing to correct or delete the information, failing to consider all relevant information supplied by Plaintiff in his dispute and failing to employ and follow reasonable procedures to prevent such inaccurate reporting.

45. Equifax violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the inaccurate information that Plaintiff disputed.
46. Equifax violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff the source that supplied any information to the credit-reporting agency about Plaintiff.
47. Capital One and Kohl's, as furnishers of information, are required to comply with 15 U.S.C. § 1681s-2.
48. Capital One and Kohl's furnished information relating to a consumer to a consumer reporting agency with knowledge or reasonable cause to believe that the information was inaccurate in violation of 15 U.S.C. § 1681s-2(a)(1)(A) of the FCRA.
49. Capital One and Kohl's did not promptly notify the consumer reporting agency that the information saying Plaintiff was deceased was inaccurate in violation of 15 U.S.C. § 1681s-2(a)(2)(A)&(B) of the FCRA.
50. Capital One and Kohl's violated the FCRA by engaging in the following conduct that violated 15 U.S.C. §1681s-2(b):
    a. Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
    b. Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.
51. Plaintiff is informed and believes that Capital One and Kohl's failed to conduct a reasonable investigation into Plaintiff's written dispute, failed to correct or delete the inaccurate information, failed to consider all relevant information supplied by Plaintiff in his dispute, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting, as required by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) because as of July 2016, Plaintiff's Equifax credit report

still reflects the inaccurate information that was the subject of the Dispute.

52. Capital One and Kohl's failed to update the derogatory items with the notation that the items are "in dispute" as required by 15 U.S.C. § 1681s-2(b)(1)(A) and *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 1163-1164, after his dispute months ago.

53. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1) and reasonable attorney fees and costs from each Defendant pursuant to 15 U.S.C. § 1681o(a)(2).

54. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages and statutory damages of $1,000.00 for each violation from each defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**CAUSE OF ACTION**
**CONSUMER CREDIT REPORTING AGENCIES ACT**
**CAL. CIV. CODE § 1785.16**
**(AS TO EQUIFAX)**

55. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

56. As a credit reporting agency, Equifax is required to comply with Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA.

57. Plaintiff is informed and believes that Equifax violated Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA after it lodged the written dispute with it in July of 2016 by failing to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiff, failing to correct or delete the information, failing to consider all relevant information supplied by Plaintiff in their disputes, failing to employ and follow reasonable procedures to prevent such inaccurate reporting and maintaining the very inaccurate information about

Complaint for Damages

which Plaintiff complained.

58. Based on these violations of Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31 including statutory damages of $5,000.00 for each violation in each report, actual damages, attorney's fees and injunctive relief.

### THIRD CAUSE OF ACTION
### CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.25
### (AS TO CAPITAL ONE AND KOHL'S)

59. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

60. As a furnisher of information, Capital One and Kohl's are required to comply with Cal. Civ. Code § 1785.25.

61. Capital One and Kohl's furnished information on a specific transaction or experience to a consumer credit reporting agency where Capital One and Kohl's knew or should have known the information is incomplete or inaccurate in violation of Cal. Civ. Code § 1785.25(a).

62. Capital One and Kohl's determination that the incorrect information they furnished to Equifax was accurate or complete constitutes a violation of Cal. Civ. Code § 1785.25(b).

63. Plaintiff disputed the accuracy of information on his credit report provided to Equifax, however, Capital One and Kohl's continued reporting the information to Equifax following the July 2016 Dispute in violation of Cal. Civ. Code § 1785.25(c).

64. Capital One and Kohl's willfully furnished information to a credit reporting agency that Capital One and Kohl's knew or should have known was inaccurate.

65. Based on these violations of Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31 including statutory damages of

Complaint for Damages

$5,000.00 from each Defendant for each month of inaccurate reporting, actual damages, attorney's fees and injunctive relief.

### FOURTH CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §1788 ET SEQ.
### (AS TO CAPITAL ONE AND KOHL'S)

66. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

67. The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

68. Capital One and Kohl's attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

69. Capital One and Kohl's often times engage in debt collection and are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c)

70. Capital One and Kohl's use false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e as required by Cal. Civ. Code § 1788.17.

71. As a direct proximate result of Defendants' conduct, Plaintiff suffered actual damages and other harm, thereby entitling him to seek statutory damages in the amount of $1,000.00, actual damages and reasonable attorney fees and costs from each Defendant under Cal. Civ. Code §1788.30.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### VIOLATIONS OF THE FCRA
### (FROM ALL DEFENDANTS)

72. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

73. Statutory damages of $1,000.00 per violation pursuant to 15 U.S.C. §

16

Complaint for Damages

1681n(a)(1);

74. Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

75. Injunctive relief to command Defendants to correct the information furnished on Plaintiff's credit reports and prohibit Defendants from engaging in future violations;

76. Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

77. Any other relief the Court may deem just and proper including interest.

### VIOLATIONS OF THE CCRAA
### (FROM ALL DEFENDANTS)

78. Actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

79. Statutory damages of $5,000.00 per violation pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

80. Injunctive relief to command Defendants to correct Plaintiff's credit reports and prohibit Defendants from engaging in future violations of Cal. Civ. Code § 1785.16 and Cal. Civ. Code § 1785.25, pursuant to Cal. Civ. Code § 1785.31(b);

81. Attorney fees and costs to maintain the instant action, pursuant to Cal. Civ. Code 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d);

82. Any other relief the Court may deem just and proper including interest.

### VIOLATIONS OF THE RFDCPA
### (FROM CAPITAL ONE AND KOHL'S)

83. Actual damages pursuant to Cal. Civ. Code § 1788.30(a) and Cal. Civ. Code § 1788.32;

84. Statutory damages of $1,000.00 each from Capital One and Kohl's for violation of Cal. Civ. Code § 1788, *et seq* pursuant to Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.32.

17

Complaint for Damages

85. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1788.32;

86. Interest, punitive damages and any other relief the Court deems just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury on all counts so triable.

Date: December 8, 2016         LAW OFFICE OF DANIEL G. SHAY

By: s/ Daniel G. Shay
Daniel G. Shay, Esq.
DanielShay@TCPAFDCPA.com
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorney for Plaintiff*
*David Schroeder*

Complaint for Damages

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID SCHROEDER

**DEFENDANTS**
EQUIFAX INFORMATION SERVICES, LLC, CAPITAL ONE, N.A. & KOHL'S DEPARTMENT STORES, INC.

**(b)** County of Residence of First Listed Plaintiff: San Diego, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Daniel G. Shay - 619-222-7429
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108

Attorneys *(If Known)*
'16CV2987 BEN WVG

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 1681 et seq; 15 U.S.C. § 1692 et seq
Brief description of cause:
Violations of credit reporting and fair debt collection statutes.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 12/08/2016
SIGNATURE OF ATTORNEY OF RECORD: s/ Daniel G. Shay, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____